FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 0 9 2009 ★
BROOKLYN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CHRISTINE SCIANNA,

                Plaintiff,

  -against-

THE CITY OF NEW YORK, P.O. CLINTON HAWTHORNE,
Shield No. 30039, Individually and in his Official Capacity,
P.O. MICHAEL CARROLL, Shield No. 1776, Individually and
in his Official Capacity, P.O. WILLIAM SCHAU, Shield No.
19419, Individually and in his Official Capacity, P.O. FRANK
ALIFFI, Shield No. 13992, Individually and in his Official Capacity,
P.O. MICHAEL SMITH, Shield No. 18095, Individually and in his
Official Capacity, SGT. NANCY CIRIGLIANO, Shield No. 1333,
Individually and in his Official Capacity and P.O.s "JOHN DOE"
#1-10, Individually and in their Official Capacities, (the name "John
Doe" being fictitious, as the true names are presently unknown),

                Defendants.
------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

CV 09 · 0087

COGAN, J.

LEVY, M.J.

Plaintiff CHRISTINE SCIANNA, by her attorney, JON L. NORINSBERG, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

2.    This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff CHRISTINE SCIANNA is a Caucasian female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. That at all times hereinafter mentioned, the individually named defendants P.O. CLINTON HAWTHORNE, P.O. MICHAEL CARROLL, P.O. WILLIAM SCHAU, P.O. FRANK ALIFFI, P.O. MICHAEL SMITH, SGT. NANCY CIRIGLIANO, and P.O.s "JOHN DOE" #1-#10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On July 4, 2007, at approximately 11:30 p.m., plaintiff CHRISTINE SCIANNA was lawfully present in the vicinity of her home at 23 Fillmore Place, in the County of Richmond, in the City and State of New York.

14. At the aforesaid time and place, members of the New York City Police Department were attempting to stop a fireworks party being held in celebration of the Fourth of July.

15. After three failed attempts at stopping this fireworks party, defendants attempted to effectuate a mass-arrest of all individuals who were in the vicinity of the party.

16. Plaintiff CHRISTINE SCIANNA was one such individual in the vicinity of the party.

17. Plaintiff CHRISTINE SCIANNA had not launched any fireworks herself, nor had she participated in launching any fireworks on July 4, 2007.

18. On July 4, 2007, Mrs. Scianna had spent the majority of the day with her grandchildren and her nine-month pregnant daughter Danielle, at a family barbecue.

19. Notwithstanding this fact, defendants elected to place plaintiff CHRISTINE SCIANNA under arrest, along with 18 other individuals who were rounded up at the location.

20. In effectuating Mrs. Scianna's arrest, defendants forcibly grabbed Mrs. Scianna and tripped her to the ground, causing her to fall backwards and land on her back. Thereafter, defendants struck Mrs. Scianna while she was on the ground, and also sprayed her with pepper spray.

21. Defendants then forcibly grabbed plaintiff CHRISTINE SCIANNA, who was not wearing any shoes at the time, and dragged her down the block until they reached a police vehicle.

22. Defendants' unprovoked assault of plaintiff CHRISTINE SCIANNA was caught on videotape, and was also witnessed by several neighbors.

23. Defendants also broke into Mrs. Scianna's home, breaking a glass panel in order to gain entry into the premises, and thereafter rummaging through her house and damaging Mrs. Scianna's personal effects and property.

24. Thereafter, defendants falsely charged plaintiff CHRISTINE SCIANNA with multiple offenses, including but not limited to, Riot in the 1st Degree, Unlawfully Dealing with Fireworks, unlawfully Dealing with a Child in the First Degree, Resisting Arrest, Obstruction of Governmental Administration in the 2nd Degree, and Disorderly Conduct.

25. In connection with this arrest, defendants filled out false and misleading police reports, and forwarded these reports to prosecutors in the Richmond County District Attorney's Office.

26. As a result of his unlawful arrest, plaintiff CHRISTINE SCIANNA was required to spend two (2) days in jail.

27. Plaintiff CHRISTINE SCIANNA had no prior arrest record, and had never spent any time in jail prior to this incident.

28. Thereafter, plaintiff CHRISTINE SCIANNA was required to make multiple court appearances to defend herself against the baseless charges which defendants had brought against her.

29. Plaintiff CHRISTINE SCIANNA suffered multiple injuries as a result of defendants' unlawful use of force, including but not limited to, left L5-S1 radiculopathy with denervation in the paraspinal muscles, as well as multiple hematomas and contusions over her body, including but not limited to, on her lateral right upper arm, left medial upper arm, left lateral thigh, left medial ankle and bilateral anterior wrists.

30. Mrs. Scianna had previously undergone a back operation in 2003, during which she had received a total disc replacement of three discs in her lower back.

31. As a result of the above incident, Mrs. Scianna suffered a severe and acute recurrence of her back problems, which had remained largely asymptomatic in the four years prior to the incident.

32. While in police custody, plaintiff CHRISTINE SCIANNA was deprived of medical care and treatment, despite repeated requests for same.

33. Notwithstanding the unlawful and dishonest conduct of defendants, the charges against plaintiff CHRISTINE SCIANNA were terminated in her favor on May 27, 2008.

34. As a result of the foregoing, plaintiff CHRISTINE SCIANNA suffered, *inter alia*, severe emotional distress, significant bodily injuries, denial of medical care and treatment, deprivation of her liberty, and violation of her civil rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

37. All of the aforementioned acts deprived plaintiff CHRISTINE SCIANNA of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

39. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

41. The acts complained of deprived plaintiff CHRISTINE SCIANNA of her rights:

    A. Not to have excessive force imposed upon her;

    B. Not to have summary punishment imposed upon her;

    C. Not to be subjected to unlawful and baseless criminal proceedings;

D.  To receive equal protection under the law.

## SECOND CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. §1983

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff CHRISTINE SCIANNA's constitutional rights.

44. As a result of the foregoing, plaintiff CHRISTINE SCIANNA suffered, inter alia, severe emotional distress, significant bodily injuries, denial of medical care and treatment, deprivation of her liberty, and violation of her civil rights.

## THIRD CLAIM FOR RELIEF
## UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants broke into the home of plaintiff CHRISTINE SCIANNA, and then searched said residence, without a warrant.

47. Defendants ransacked plaintiff CHRISTINE SCIANNA's home, and destroyed personal effects and property throughout her home.

48. Defendants lacked legal justification for entering plaintiff CHRISTINE SCIANNA'S home.

49. Defendants lacked legal justification for searching plaintiff CHRISTINE SCIANNA'S home.

50. Defendants lacked legal justification for destroying the personal effects and property inside of plaintiff CHRISTINE SCIANNA's home.

51. The foregoing unlawful search violated plaintiff plaintiff CHRISTINE SCIANNA'S constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendants misrepresented and falsified evidence before the District Attorney.

54. Defendants did not make a complete and full statement of facts to the District Attorney.

55. Defendants withheld exculpatory evidence from the District Attorney.

56. Defendants misrepresented and falsified evidence before the Grand Jury.

57. Defendants did not make a complete and full statement of facts to the Grand Jury.

58. Defendants withheld exculpatory evidence from the Grand Jury.

59. Defendants were directly and actively involved in the initiation of criminal proceedings against Mrs. Scianna.

60. Defendants lacked probable cause to initiate criminal proceedings against Mrs. Scianna.

61. Defendants acted with malice in initiating criminal proceedings against Mrs. Scianna

62. Defendants were directly and actively involved in the continuation of criminal proceedings against Mrs. Scianna.

63. Defendants lacked probable cause to continue criminal proceedings against Mr. Scianna.

64. Defendants acted with malice in continuing criminal proceedings against Mrs. Scianna.

65. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

66. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in Mrs. Scianna's favor on May 27, 2008, when the charges against her were dismissed.

67. As a result of the foregoing, plaintiff CHRISTINE SCIANNA sustained, inter alia, loss of liberty, emotional distress, embarrassment and humiliation, physical pain and discomfort, and a deprivation of her constitutional rights.

### FIFTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983

68. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "67" with the same force and effect as if fully set forth herein.

69. Defendants issued legal process to place plaintiff CHRISTINE SCIANNA under arrest.

70. Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

71. Defendants acted with intent to do harm to plaintiff CHRISTINE SCIANNA without excuse or justification.

72. As a result of the foregoing, plaintiff CHRISTINE SCIANNA sustained, inter alia, loss of liberty, emotional distress, embarrassment and humiliation, physical pain and discomfort, and a deprivation of her constitutional rights.

## SIXTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

73. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "72" as if the same were more fully set forth at length herein.

74. Defendants created false evidence against plaintiff CHRISTINE SCIANNA

75. Defendants forwarded false evidence and false information to prosecutors in the Richmond County District Attorney's office.

76. Defendants misled the grand jury, and the prosecutors by creating false evidence against plaintiff CHRISTINE SCIANNA and thereafter providing false testimony throughout the criminal proceedings.

77. In creating false evidence against plaintiff CHRISTINE SCIANNA, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

78. As a result of the foregoing, plaintiff CHRISTINE SCIANNA sustained, inter alia, loss of liberty, emotional distress, embarrassment and humiliation, physical pain and discomfort, and a deprivation of her constitutional rights.

## SEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

79. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "78" as if the same were more fully set forth at length herein.

80. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

81. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

82. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff CHRISTINE SCIANNA.

83. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by CHRISTINE SCIANNA as alleged herein.

84. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff CHRISTINE SCIANNA as alleged herein.

85. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff CHRISTINE SCIANNA was subjected to unlawful and excessive force, resulting in permanent and disabling injuries.

86. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff CHRISTINE SCIANNA.

87. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff CHRISTINE SCIANNA's constitutional rights.

88. All of the foregoing acts by defendants deprived plaintiff CHRISTINE SCIANNA of federally protected rights, including, but not limited to, the right:

    A. Not to have excessive force imposed upon her;

    B. Not to have summary punishment imposed upon her;

    C. Not to be subjected to unlawful and baseless criminal proceedings;

    D. To receive equal protection under the law.

89. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of two million dollars ($2,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff CHRISTINE SCIANNA demands judgment in the sum of two million dollars ($2,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
       January 8, 2009

BY: _____
JON L. NORINSBERG (JN-2133)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 791-5396